# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 29, 2016

LETTER TO COUNSEL

RE:     *Stephen Trasco v. Commissioner, Social Security Administration*;
        Civil No. SAG-15-1842

Dear Counsel:

On June 23, 2015, Plaintiff Stephen Trasco petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 11, 12). In addition, I have reviewed the Commissioner's supplemental briefing regarding the impact of the Fourth Circuit's recent decision in *Fox v. Colvin*, __ Fed. App'x __, 2015 WL 9204287 (4th Cir. Dec. 17, 2015), and the Plaintiff's response thereto.[1] (ECF Nos. 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Mr. Trasco protectively filed a claim for Disability Insurance Benefits ("DIB") on August 31, 2011. (Tr. 11, 154-55). He alleged a disability onset date of September 29, 2009.[2] (Tr. 154). His claim was denied initially and on reconsideration. (Tr. 96-99, 103-04). A video hearing was held on January 16, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 29-71). Following the hearing, the ALJ determined that Mr. Trasco was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-28). The Appeals Council denied Mr. Trasco's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

---

[1] The parties were notified of the potentially relevant ruling in *Fox* in a letter order dated January 4, 2016. (ECF No. 13). The letter order provided the Commissioner thirty days to determine whether consent remand was required under *Fox*, or whether she instead wished to file supplemental briefing addressing the apparent *Fox* issue. The Commissioner filed her supplemental brief on January 29, 2016, (ECF No. 14), and Mr. Trasco timely filed his response on February 17, 2016. (ECF No. 15).

[2] Mr. Trasco's date last insured is December 31, 2010. (Tr. 13). Thus, he must establish disability in the period between his alleged onset date, September 29, 2009, and December 31, 2010.

*Stephen Trasco v. Commissioner, Social Security Administration*
Civil No. SAG-15-1842
March 29, 2016
Page 2

The ALJ found that Mr. Trasco suffered from the severe impairments of musculoskeletal injuries associated with a motor vehicle accident, post-concussion syndrome, depression, and anxiety. (Tr. 13). Despite these impairments, the ALJ determined that Mr. Trasco retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant was able [*sic*] balance, stoop, crouch, crawl, kneel, and climb stairs and ramps frequently, but never climb ladders, ropes, or scaffolds; avoid working overhead; and in general would have been limited to frequent handling, fingering, and feeling, as opposed to constant. Additionally, the claimant was limited to simple unskilled work with no production pace meaning that he would not be paid by the piece or working on an assembly line; only occasional contact with coworkers; work that was isolated with only occasional contact with supervisors; and work that was low stress work, defined as only occasional changes in the work setting.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Trasco could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 23-24).

Mr. Trasco raises one primary argument on appeal—that the ALJ erroneously assessed his RFC pursuant to the Fourth Circuit's ruling in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). I do not find this argument persuasive.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1520a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of

*Stephen Trasco v. Commissioner, Social Security Administration*
Civil No. SAG-15-1842
March 29, 2016
Page 3

decompensation.  *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02.  Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function."  *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings."  *Id.* § 12.00(C)(3).  Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete."  *Id.*  The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace.  *Mascio,* 780 F.3d at 637-38.  The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work."  *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted).  In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace."  *Id.*  Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary.  *Id.*

Unlike in *Mascio,* the ALJ in this case imposed several limitations specifically designed to address Mr. Trasco's difficulties with concentration, persistence, or pace.  The ALJ specified that Mr. Trasco's work should be "limited to simple unskilled work with no production pace meaning that he would not be paid by the piece or working on an assembly line . . . ." (Tr. 15). In light of those restrictions to address Mr. Trasco's moderate limitations, remand under *Mascio* is unwarranted.

On the other hand, the Fourth Circuit's recent ruling in *Fox v. Colvin,* __ Fed. App'x __, 2015 WL 9204287 (4th Cir. Dec. 17, 2015) provides a valid basis for remand.  In *Fox,* the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's finding of whether any of a claimant's impairments meets a listing at step three of the sequential evaluation.

In *Fox,* regarding his findings at step three of the sequential evaluation, the ALJ stated:

> Although the claimant has 'severe' impairments, they do not meet [the criteria of
> any listed impairments described in Appendix 1 of the Regulations. (20 CFR,
> Subpart P, Appendix 1). No treating or examining physician has mentioned
> findings equivalent in severity to the criteria of any listed impairment, nor does
> the evidence show medical findings that are equivalent to those of any listed
> impairment of the Listing of Impairments. In reaching this conclusion, the
> undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

2015 WL 9204287 at *4. The Fourth Circuit held that the ALJ's analysis was deficient because
it consisted of conclusory statements and did not include "any 'specific application of the
pertinent legal requirements to the record evidence.'" *Id.* (quoting *Radford v. Colvin*, 734 F.3d
288, 291-92 (4th Cir. 2013)). That is, the ALJ did not apply any findings or medical evidence to
the disability listing and "offered nothing to reveal *why* he was making his decision." *Radford*,
734 F.3d at 295 (emphasis in original). The Fourth Circuit also rejected the notion that failure to
engage in meaningful analysis at step three could constitute harmless error where the evidence of
record otherwise demonstrated that the claimant did not meet a listing. 2015 WL 9204287, at *4.
Rather, the *Fox* Court emphasized that it is not this Court's role to "engage[] in an analysis that
the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the
law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in
the record." *Id.* at *4-*5. The Court noted that it could not conduct a meaningful review "when
there is nothing on which to base a review." *Id.* at *4.

Turning to the instant case, at step three, regarding Mr. Trasco's physical impairments,
the ALJ noted that she had considered whether Mr. Trasco met the requirements of Listing 1.04,
for disorders of the spine, and Listing 11.18, for cerebral trauma. (Tr. 14). However, the ALJ
found that Mr. Trasco did not meet either listing. In making this finding, the only explanation
the ALJ offered was that, "The claimant has severe impairments, but the claimant's impairments,
combined or separately, have not met [sic] or equaled any impairment described in the Listing
of Impairments at any time relevant to this decision."[3] *Id.*

The Commissioner argues that the step three findings in Mr. Trasco's case are
distinguishable from the step three findings in *Fox*. Specifically, the Commissioner contends
that the Fourth Circuit's decision in *Fox* was predicated on the fact that "[i]nconsistent evidence
abound[ed]" in that case, which is not present in Mr. Trasco's case. (ECF No. 14 at 1) (quoting
2015 WL 9204287, at *5). The Commissioner points to the fact that Mr. Trasco has not argued
that he meets any of the physical listings referenced in the ALJ's decision.[4] *Id.* at 3.

---

[3] I note that the ALJ provided a thorough analysis of Mr. Trasco's mental impairments at step three, and applied the
"special technique" as outlined in 20 C.F.R. § 404.1520a.

[4] The Commissioner also argues that *Fox* is not binding precedent because it is not a published decision. (ECF No.
14 at 1). While this is true, *Fox* is nevertheless indicative of how the Fourth Circuit would likely rule in an
analogous case, as it did in its recent decision in *Brown v. Colvin*, __ Fed. App'x __, 2016 WL 502918 (4th Cir. Feb.
9, 2016). In *Brown*, the Court was presented with a similar step three analysis and echoed its reasoning from *Fox*
and *Radford,* 734 F.3d at 295. Specifically, the *Brown* Court stated "[W]e do not accept Brown's and the

*Stephen Trasco v. Commissioner, Social Security Administration*
Civil No. SAG-15-1842
March 29, 2016
Page 5

However, the Fourth Circuit's decision in *Fox* was not predicated on the existence of inconsistent evidence in the record.  Rather, the Court was explicit that the ALJ's analysis did not provide substantial evidence in support of his findings because he did not "provide any explanation connecting his determination to that of [the claimant's] failure to meet the listing impairment."   2015 WL 9204287, at *5.   Thus, regardless of whether or not there was inconsistent evidence in the record, the ALJ had a duty to connect the requirements of relevant listings to medical findings of Mr. Trasco's severe impairments.   Furthermore, that duty would not be fulfilled by an ALJ's discussion of medical evidence elsewhere in the decision, unless the evidence was directly connected to the requirements of a listing.   *See Smith v. Astrue*, 457 Fed. App'x 326, 328 (4th Cir. 2011) ("Reading the ALJ's decision as a whole, substantial evidence supports the finding at step three of the sequential evaluation process as the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting Listing 1.02."); *but see Fox*, 2015 WL 9204287, at *4 ("Nor was there any 'specific application of the pertinent legal requirements to the record evidence.'   As a result, the ALJ's findings lack the 'necessary predicate' for us to engage in review.") (citations omitted).   Here, as in *Fox*, the ALJ failed to apply the requirements of relevant listings to the medical evidence at any point in the decision.[5] Moreover, *Fox* and its progeny seem to preclude a "harmless error" analysis by prohibiting a *de novo* review of the record to see whether or not evidence supporting a listing is contained therein.   For these reasons, remand is warranted.

For the reasons set forth herein, Mr. Trasco's Motion for Summary Judgment (ECF No. 11) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 12) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.   The case is REMANDED for further proceedings in accordance with this opinion.   The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

Commissioner's invitations to review the medical record *de novo* to discover facts to support or refute the ALJ's finding at Step Three, and it was error for the district court to do so."  2016 WL 502918, at *2.

[5] For instance, Listing 1.04 for disorders of the spine requires findings of nerve root compression or spinal arachnoiditis or lumbar spinal stenosis, accompanied by the requisite symptoms, medical findings, and observations. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 1.04.  The ALJ does not specifically mention these criteria at any point in her decision.